1   Abbas Kazerounian, Esq. (SBN 249203)
    ak@kazlg.com
2   **KAZEROUNI LAW GROUP, APC**
    245 Fischer Ave, Suite D1
3   Costa Mesa, CA 92626
    Telephone: (800) 400-6808
4   Facsimile: (800) 520-5523
5   *[Additional counsel is on Signature Page]*
    *Attorneys for Plaintiff and the Putative Class*
6

7                    **UNITED STATES DISTRICT COURT**

8                    **SOUTHERN DISTRICT OF CALIFORNIA**

9   Jason Bell, Individually and        Case No.  '20 CV 2264 AJB  AGS
10  on Behalf of All Others
    Similarly Situated,                 **CLASS ACTION COMPLAINT FOR VIOLATIONS
11                                       OF:**
12                      Plaintiffs,
                                         (1) Unpaid Overtime Wages (Cal. Lab. Code §§
13         v.                            510, 1194, 1198);
                                         (2) Failure to Pay all Regular Wages (Cal. Lab.
14                                       Code § 204);
    Redfin Corporation,                  (3) Failure to Pay Minimum Wages (Cal. Lab.
15                                       Code §§ 1194, 1194.2, and 1197.1);
                      Defendant.         (4) Failure to Pay All Regular Wages (Cal. Lab.
16                                       Code §§ 1197.1 and 1199);
17                                       (5) Failure to Allow or Pay for Meal Periods
                                         (Cal. Lab. Code §§ 226.7 and 512);
18                                       (6) Failure to Allow or Pay for Rest Periods
19                                       (Cal. Lab. Code § 226.7);
                                         (7) Waiting Time Penalties (Cal. Lab. Code §§
20                                       201-203);
21                                       (8) Failure to Provide Accurate Itemized Wage
                                         Statements (Cal. Lab. Code § 226(a);
22                                       (9) Willful Misclassification of Individuals as
23                                       Independent Contractors (Cal. Lab Code §
                                         226.8);
24                                       (10) Unfair Business Practices (Cal. Bus. and
25                                       Prof. Code § 17200 *et seq.*); and
                                         (11) Violations of the Private Attorney General
26                                       Act (Cal. Lab. Code §§ 2698, 2699)
27

28                                       **JURY TRIAL DEMANDED**

Plaintiff JASON BELL (hereinafter "Plaintiff"), on behalf of himself and all those similarly situated, alleges the following as and for a complaint against Defendant REDFIN CORPORATION, a Delaware corporation that is headquartered in Washington and that conducts a substantial portion of its business in California ("Defendant").

Plaintiff brings this Class Action against Defendant, pursuant to Fed. R. Civ. P. 23. All allegations in this Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations, which pertain to the Plaintiff named herein and his counsel. Plaintiff's information and beliefs are based upon, *inter alia,* the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### INTRODUCTION

1.     This Complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code*, Private Attorney General Act ("PAGA"), and applicable Industrial Welfare Commission ("IWC") wage order against employees of Defendant.

2.     Plaintiff is informed and believes and based thereon alleges that Defendant has acted intentionally and with deliberate indifference and conscious disregard of the rights of all employees in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay all minimum, regular and overtime wages due, failing to pay wages in a timely fashion, including at the end of employment, mis-classifying employees so as to avoid payment of wages, and failing to keep statutorily required payroll records.

3.     Plaintiff is informed and believes and based thereon alleges that Defendant has engaged in, among other things, a system of willful violations of the

California *Labor Code*, *Business and Professions Code*, and applicable IWC wage order, including, but not limited to, Labor Code §§ 201-203, 221, 222.5, 223, 226.8, 226.3, 226.7, 400-410, 450, 510, 512, 1182, 1174, 1194, 1197, 1197.1, and 2802; California Code of Regulations, Title 8 §11090 section 7 & 11-12; California Wage Order No. 1-2001 (8 Cal. Code Reg., § 11090); and Industrial Wage Commission (hereinafter "IWC") Wage Order No. 4. Specifically, Plaintiff challenges Defendant's acts of creating and maintaining policies, practices and customs of: (1) classifying Agents as independent contractors instead of employees; (2) failing to provide, authorize, permit and/or make available meal and rest periods to Plaintiff and the Class as required by California law; (3) denying Plaintiff and the Class full compensation for all hours worked; (4) failing to pay Plaintiff and the Class minimum wage; (5) failing to pay Plaintiff and the Class overtime and double time; (6) failing to provide Plaintiff and the Class with accurate, itemized wage statements; (7) failing to timely pay Plaintiff and the Class full wages upon termination or resignation; and (8) engaging in a pattern or practice of willfully misclassifying employees as independent contractors. Plaintiff seeks compensation, damages, penalties and interest to the full extent permitted by the Labor Code and IWC Wage Orders.

4.     The policies, practices and customs of Defendant described above and below have resulted in the unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

### JURISDICTION AND VENUE

5.     This Court has jurisdiction over the alleged violations of the California Labor Code §§ 201-204, 226, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198 1199, 2698, and 2699, and California Business and Professions Code §§ 17200, *et seq* based on diversity jurisdiction pursuant to 28 U.S.C § 1332.

CLASS ACTION COMPLAINT                                    BELL V. REDFIN CORP.

6.     This case is subject to the jurisdiction of this Court based on diversity jurisdiction as the Plaintiff and putative class representative is domiciled in San Diego, California, while the Defendant is domiciled in both Delaware and the state of Washington, and the amount in controversy exceeds $75,000.

7.     This Court has personal jurisdiction over Defendant because Defendant regularly engages in the listing and selling of homes in California on behalf of its clients. Further, as illustrated below, Defendant directed its unlawful employment practices at Plaintiff in San Diego, California.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

9.     The unlawful acts alleged herein have a direct effect on Plaintiff and other employees similarly situated within the State of California. Plaintiff and the Class Members have suffered damages and will continue to suffer the same harm as the Representative Plaintiff as a result of Defendant's wrongful conduct unless the relief requested herein is granted.

<u>**PARTIES**</u>

10.     Plaintiff is informed and believes and based thereon alleges that Defendant REDFIN CORPORATION is a Delaware corporation with principal place of business in Washington, which regularly does business throughout the State of California. Plaintiff is informed and believes and thereon alleges that Defendant, at all times herein mentioned, is and was doing business in the County of San Diego, State of California.

11.     Whenever in this Complaint reference is made to "Defendant" or "Redfin" such allegations collectively mean and refer to Defendant Redfin Corporation, its subsidiaries and divisions, agents, employees, officers, members,

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.     Plaintiff Jason Bell is, and at relevant times herein was, a resident of the County of San Diego, California. Plaintiff was at all relevant times an Agent employed by Defendant.

13.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant is and was a corporation and business entity, licensed to do business and actually doing business in the State of California.

### FACTUAL ALLEGATIONS

14.     At all times herein mentioned, Plaintiff (and Class Members) was an employee of Defendant in the State of California, and Defendant was and is an employer employing persons in the State of California.  As such, Class Members, including Plaintiff, were the type of persons contemplated to be protected by the California *Labor Code* and the Wage Order, and said laws and regulations were intended to apply to Defendant and to prevent the type of injury and damage herein.

### Employee Status

15.     On November 30, 2018, Plaintiff received an offer of employment from Defendant to begin working as of January 2019.

16.     The offer specified that Plaintiff would be working out of Defendant's physical office in Carlsbad, California.

17.     The offer consisted of a gross salary of $12,000, subject to appropriate tax deductions and withholdings, and was based on an offer of a full time (minimum of 40 hours/week) position.

18.     The offer vaguely referred to Plaintiff's possible eligibility to a "bonus" for closed transactions; however, at no time did Plaintiff receive any bonuses while employed as a full-time employee for Defendant.

19.     The gross salary amounts to approximately $5.77/hour.

CLASS ACTION COMPLAINT                                                    *BELL V. REDFIN CORP.*

20.     Effective January 1, 2019, minimum wage in San Diego County is $12.00/hour for employers employing 26 or more employees. Also, the minimum salary for most exempt employees in 2019 was $49,920 in California.

21.     Defendant employed and currently employs more than 25 employees in California.

22.      Plaintiff, as salaried employee, was actually expected to work more than 40 hours a week, and often times did, work more than 40 hours/week.

23.     Often times, Plaintiff worked between 60-80 hours in a given week.

24.     However, as a compensation, Plaintiff received <u>less than $500</u> for every two weeks.

25.     For instance, for the weeks of January 6 through January 19, Plaintiff received $390.07 after deductions of taxes and state withholdings of $71.47.

26.     For the weeks between January 20, 2019 through February 2, 2019, Plaintiff received a pay of $364.62,[1] after the applicable withholdings of taxes and fees of $59.25.

27.     Plaintiff, separately from his salary, received an additional pay a few times for having to attend "events" such as house showing, or similar type of event, for which Plaintiff was required to drive to/from houses; possibly show houses and drive potential buyers to other houses; possibly having lunch with potential buyers. For these types of "events" Plaintiff was provided a flat fee based on the number of showings. Plaintiff was paid for the house showings as follows:

| 1/20/2019-2/2/2019 | $125.00 |
| 2/03-2/16/2019 | $175.00 |
| 2/17/2019-3/02/2019 | $565.00 |
| 3/3/2019-3-16/2019 | 560.00 |
| 3/31/2019-4/7/2019 | 970.00 |

---

[1] Notably, this amount included a reimbursement or "event" discussed further in this complaint of $125.00.

28.     Further, besides showing of open houses, leading home tours, attending home inspections,[2] agents were also required to complete various paperwork, prepare/review agreements, and office duties.

29.     Plaintiff was not reimbursed for the duties he was required to complete at home including his use of internet, and his cellular telephone, when working from home.

30.     Plaintiff was employed for Defendant on full time basis through March 31, 2019.

31.     Plaintiff is informed and believes and based thereon alleges that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and hour laws, especially considering the prominence of Defendant's entity. Defendant claims to be a leader in Real Estate Brokerage.

32.     During the relevant time period of this action, Defendant has employed, Plaintiff and other similarly situated individuals ("Agent" or "Agents") to provide services for its customers.

33.     Defendant continues to employ other individuals in the same capacity and with the same absurd annual pay.

34.     Defendant is a large real estate brokerage firm with multiple locations within the United States.  Defendant charges consumers a percentage fee to list their homes on Defendant's website and hires Agents such as Plaintiff to sell these homes.

35.     Defendant failed to account for all time worked by Plaintiff and other employed agents and fail to fully compensate Agents for all working time. Defendant failed to pay Plaintiff's even minimum wages, or the minimum required salary, while expecting Plaintiff to work more than 40 hours every week.

---

[2] https://www.redfin.com/guides/sellers-agent

CLASS ACTION COMPLAINT                                                          BELL V. REDFIN CORP.

36.     Defendant while paying less than $6.00 hourly rate, failed to pay Plaintiff and other employees overtime pay despite them working more than 40 hours in a week or 8 hours in a day. Thus, Defendant failed to pay Agents overtime wages, including by not paying for all compensable hours, and by using an improper regular rate of pay for purposes of said calculations.

37.     To date, Defendant failed to provide Plaintiff with accurate wage statements that would encompass Plaintiff's overtime pay.

38.     Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendant had a consistent policy or practice of failing to compensate Class Members, including Plaintiff, overtime pay for all overtime hours, and regular pay for any regular hours worked, and at least minimum wage for all hours worked.

<u>Switching to Independent Contractor Status</u>

39.     After March 2019, Defendant improperly switched Plaintiff from an employee to an independent contractor position, in order to avoid paying Plaintiff the deserved benefits, and avoid complying with labor laws.

40.     However, in reality, nothing changed, and Defendant had maintained the same level of control over Plaintiff, demanded compliance with Defendant's regulations, completion of full time work hours, and use of Defendant's materials in attending house showings.

41.     As of April 2019, Defendant improperly characterized Plaintiff and other Agents as independent contractors who merely utilize Defendant's offices and supplies to provide services to provide customer support and solicit sales.   In fact, Plaintiff and other Agents are subject to high levels of control by Defendant over their wages, hours and working conditions, such that the conditions of their employment are in fact dominated and controlled in every material aspect, by Defendant.

CLASS ACTION COMPLAINT                                    *BELL V. REDFIN CORP.*

42.     Defendant's control over Plaintiff's and Class Members' wages, hours and working conditions, begins with Defendant's requirement that each Agent enter into a written agreement with Defendant, as to the terms of their employment.  This agreement ("Agreement") specifies that each Agent must adhere to strict rules and regulations put in place at Defendant's sole discretion.

43.     Defendant maintains sole discretion over the terms of the independent contractor agreement and requires applicants to sign these agreements with no ability to negotiate the terms, but rather as a condition of employment.

44.     The Agreements are drafted exclusively by Defendant and/or its legal counsel.

45.     The Agreement purports to classify Agents as independent contractors so as to conceal the true nature of the relationship between Defendant and their Agents: that of employer and employees.

46.     Defendant retains the right to terminate Agents without notice if they fail to adhere to any part of the Agreement. Defendant requires Agents to comply with its numerous policies and procedures, or face possible termination.

47.     In fact, if a complaint is lodged against Plaintiff, Defendant can "hold" Plaintiff's license in the event issues arise, essentially prohibiting Plaintiff from working elsewhere.

48.     Furthermore, Defendant expected Plaintiff to work full time for Defendant, despite classification as an independent contractor, and Plaintiff could not have an opportunity to work elsewhere and was fully dependent on Defendant.

49.     Defendant maintained how Plaintiff was required to dress, required extensive level of training and classes, and controlled Plaintiff's work in every aspect – from imagining of files, to script of what to say, to training Plaintiff was required to procure from Defendant or per Defendant's requirement.

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · *BELL V. REDFIN CORP.*

50.     Essentially, Plaintiff was doing exactly what he was doing when he was an employee, and was completing the work that other employed individuals for Defendant were conducting.

51.     Moreover, Defendant's "holding" of Plaintiff's license prevented Plaintiff from seeking employment elsewhere.

52.     Defendant maintains exclusive control over the rates of pay that Agents will receive, which is based on an hourly rate and other factors, determined at the sole discretion of Defendant.  Defendant reserves the right to make adjustments to its rates of pay, at any time, without notice to Agents directly impacting the wages earned by Plaintiff and Class Members.

53.     Agents are *required* to agree to Defendant's pay schedule, which is subject to change, in order to work for Defendant.

54.     Defendant's managers also supervise and oversee the work performed by Agents and are in regular communication with Agents about Defendant's policies and procedures, and about the job duties of Agents.

55.     Defendant even required that 3D imaging of houses was set up in a very specific way.

56.     Agents must adhere to Defendant's expectations, regulations, and must access Defendant's software and customers.  Defendant's application places serious limitations and requirements on Agents in how they are required to carry out their job duties.

57.     Defendant requires Agents to provide a full report to Defendant, including hours worked, clients called, agreements drafted, and showings made.

58.     Defendant fails to account for all time worked by Agents and fail to fully compensate Agents for all working time.  Further, where Agents work more than 40 hours in a week or 8 hours in a day, Defendant fails to pay Agents overtime wages, including by not paying for all compensable hours, and by using an improper regular rate of pay for purposes of said calculations.

59.     Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendant had a consistent policy or practice of failing to compensate Class Members, including Plaintiff, overtime pay for all overtime hours, and regular pay for any regular hours worked, and at least minimum wage for all hours worked.

60.     Further, Defendant required that any contract could be terminated for any reason if 10 days notice would be given.

61.     On December 6, 2019, Plaintiff was scheduled for a 3D imaging and lockbox set up at 1:00 pm PST.

62.     He appeared on time to his imaging appointment and met with the photographer. However, due to homeowner's confusion (who for some reason expected him to appear earlier), the homeowner, mistakenly believing an appointment was set for earlier time, complained to Defendant, and made several false accusations.

63.     At 2pm On December 6, 2019, Defendant called Plaintiff and notify Plaintiff of the false complaint, which Plaintiff immediately addressed and explained the situation with the disgruntled, agitated, and mistaken homeowner.

64.     On the same day, Defendant notified Plaintiff that it would make a decision in 10 days about Plaintiff's job status due to the presence of a complaint.

65.     Plaintiff immediately responded to the complaint allegations to set the record straight regarding homeowner's confusion. Further, the photographer that attended the appointment also confirmed that the accusations against Plaintiff were entirely false.

66.     During the 10-day period, Plaintiff (due to Defendant's holding of Plaintiff's license) could not work and was simply required to wait for Defendant's decision. In essence, Plaintiff was terminated on 12/6/2019; however, a formal decision was to follow.

67.     Plaintiff did not receive his last paycheck on that day and did not receive an accounting of his wages.

68.      On December 16, and December 17, Plaintiff contacted Defendant to no avail.

69.     On December 18, 2020, Defendant finally notified Plaintiff that he was terminated, and his license was released for him to seek further employment.

70.     Plaintiff was not reimbursed for the 12-day period during which he could not work for Defendant or anyone else.

71.     Furthermore, Plaintiff did not receive his final check until January 2, 2020 – almost one month after he was essentially terminated from his job.

### CLASS ALLEGATIONS

72.     Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated and, thus, seek class certification under Federal Rule of Civil Procedure 23.

73.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

74.     The "Class Period" is designated as the time from four years prior to the filing of this Complaint, to the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing for at least the four years prior to the filing of this Complaint.

75.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of the following class:

> All persons who have been, or currently are, employed by
> Defendant and who performed at least one Agent service
> in California for Defendant as an independent contractor
> or employee during the Class Period and who held, or
> hold, the position of Agent.  This definition includes any
> and all prior job titles assigned to this position during the
> Class Period (collectively, the "Class" or "Class
> Members").  Excluded from the Class are all persons who

were employed by Defendant as Managers, or in managerial or corporate positions equal, or superior, to Managers, during the Class Period.

76. The Class seeks, regular hours and overtime hours worked, penalties, equitable relief, interest, and reasonable attorneys' fees and costs, for failure to comply with applicable sections of the California *Labor Code*, Industrial Welfare Commission Wage Order No. 4 ("Wage Order"), California *Business and Professions Code* §§ 17200, *et seq*., and California *Code of Civil Procedure* § 1021.5.

77. This action is also brought by Plaintiff on behalf of a sub-class, as follows:

All Class Members whose employment ended at any time during the Class Period (collectively, the "Former Employee Sub-Class" or "Former Employee Sub-Class Members").

78. The Former Employee Sub-Class Members seek waiting time penalties of up to thirty (30) days wages each, pursuant to California *Labor Code* § 203, due to Defendant's failure to pay all wages due and owing at the time of termination of the employment relationship.

79. Under California *Business and Professions Code* §§ 17200, *et seq.* ("Unfair Practices Act"), and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiff, on behalf of themselves and the proposed Class Members, also seeks restitution of all benefits Defendant has received from its unlawful actions as alleged herein.

80. During Plaintiff's and Class Members' employment with Defendant, Defendant did not reimburse Agents for all business expenses incurred in the course of their employment, including but not limited use of the internet when Plaintiff worked from home, in violation of California Labor Code §§ 2800 *et. seq.*

81.    Defendant did not keep accurate records of the hours worked by Plaintiff and members of the Class, or of the amount of wages due to them.  Plaintiff was and is a victim of the policies, practices and customs of Defendant complained of in this action in ways that have deprived them of the rights guaranteed by California *Labor Code* §§ 201-204, 226, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198 and 1199, and California *Business and Professions Code* §§ 17200, *et seq.* (Unfair Practices Act).

82.    Defendant, either directly or through its agents, violated PAGA, pursuant to Cal. Lab. Code §§ 2698, 2699.

83.    As such and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to California *Labor Code* §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2 and 2802, and California *Business and Professions Code* §§ 17200, *et seq*. (Unfair Practices Act).

84.    This action is brought, and may properly be maintained, as a Class Action under Federal Rule of Civil Procedure 23 because questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of these provisions.

85.    **Numerosity**:  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believe and based thereon allege that: (a) Class Members regularly were denied payment of all regular and overtime wages due and denied payment of overtime wages at the proper rate of overtime pay; (b) Class Members were not provided meal periods or rest periods in compliance with California Labor Code §§ 226.7 and 512 and the applicable IWC wage order, and were not paid all meal period or rest period premium wages for non-compliant

periods; (c) Class Members were not paid all wages in a timely fashion, including all wages at the end of employment based on Defendant's own records; and (d) Defendant did not maintain accurate records and provide accurate wage statements to Class Members, pursuant to California *Labor Code* § 226.  Based on information and belief, there are more than 100 persons who are potentially Class Members.

86.     **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above with whom they have a well-defined community of interests and typicality of claims as demonstrated herein.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and the representative Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California and federal courts. Further, Plaintiff's counsel is competent and experienced in litigation class actions involving California Business and Professions Code §§ 17200, *et seq*.

87.     Defendant failed to pay Plaintiff and the Class Members all earned regular and overtime wages, minimum wages, and all wages owed, and that uniformly paid their employees late wages.  Plaintiff is informed and believe and based thereon alleges that this corporate conduct was accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by Class Members.

88.     Plaintiff is informed and believes and based thereon alleges that Defendant, in violation of California Labor Code §§ 201 through 203, had a consistent and uniform policy, procedure and practice of willfully failing to pay Plaintiff and Class Members all wages due them upon termination.  Plaintiff and other Class Members did not secret or absent themselves from Defendant, nor refuse to accept the earned and unpaid wages from Defendant upon termination.

Accordingly, Defendant is liable for waiting time compensation for the unpaid wages to the Sub-Class Members pursuant to California Labor Code § 203.

89.   In addition, Defendant uniformly administered a corporate policy, procedure and practice of not maintaining accurate records, and failing to provide true and accurate wage statements, as required by California Labor Code § 226.

90.   Plaintiff is informed and believes and based thereon alleges that the foregoing corporate conduct was accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

91.   As a pattern and practice and matter of corporate policy, in violation of the aforementioned labor laws, Defendant committed unfair practices based on the claims alleged in the preceding paragraphs.

92.   **Common Question of Law and Fact**:   There are predominant common questions of law and fact and a community of interest among Plaintiff and the Class Members concerning whether:

a) Class Members are independent contractors or employees under applicable law;

b) Defendant has the right to control the manner and means by which the Agents perform their work;

c) Defendant directs and/or supervises the work that the Agents perform;

d) Defendant's policy manuals and handbooks instruct the Agents on how to conduct themselves and perform their work;

e) The Agents use and receive forms and materials provided by Defendant;

f) The Agents attend meetings or training conducted by Defendant regarding their work assignments and performance;

g) Defendant assigns the Agents schedules;

h) Defendant exercises control, directly or indirectly, over Class Members' work hours;

i) Defendant exercises control, directly or indirectly, over Class Members' working conditions;

j) Defendant exercises control, directly or indirectly, over the kinds equipment the Agents use;

k) Agents need special training, skills or education to perform their work;

l) Defendant supplies tools and equipment to the Agents;

m) The Agent work is part of the regular business of Defendant;

n) The method by which Defendant pays the Agents;

o) The Agents' tenure with the company is indefinite and/or whether the contracts signed by the Agents contain automatic renewal clauses and can be terminated by either party;

p) Defendant has the authority to discipline and/or terminate Agents;

q) The Class Members are entitled to be reimbursed for Defendant's business expenses and deductions;

r) Defendant failed to provide Plaintiff and the Class Members with meal and rest periods in compliance with California law;

s) Defendant failed to pay Plaintiff and the Class Members statutory meal and rest period premium wages for non-compliant meal and rest periods;

t) Plaintiff and the Class Members regularly were denied payment of all overtime wages due for overtime hours worked;

u) Plaintiff and the Class Members regularly were denied payment of all regular wages due for regular hours worked;

v) Plaintiff and the Class Members regularly were denied payment of at least minimum wage for all hours worked;

w) Defendant failed to pay all wages due in a timely fashion under California law;

x) Waiting time penalties are owed to Plaintiff and the Class Members;

y) Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class Members, and failed to provide accurate wage statements that comply with California *Labor Code* § 226;

z) Defendant's actions violated PAGA; and

aa) Defendant's employment practices towards Plaintiff and Class Members constitute unfair business practices pursuant to California Business and Professions Code §§ 17200, *et seq.*

93. **Typicality:** The claims of Plaintiff is typical of the claims of all members of the Class. Plaintiff is a member of the Class and have suffered harm as a result of the violations of the Wage Order and California Labor Code alleged herein, including but not limited to California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, 2698, 2699, and2802.

94. The Wage Order and the California Labor Code upon which Plaintiff bases these claims contain provisions that are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power by establishing onerous terms and conditions of employment.

95. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the Class Action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly

superior financial and legal resources.  Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees for fear of retaliation, and even by former employees, for fear of retaliation within the industry.

96.     The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against Defendant, which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or which would substantially impair or impede the ability of the Class Members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

97.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of unpaid wages, overtime and vacation wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.6, 226, 226.7, 227.3, & 1194, 1194.2 and 2802, California Code of Civil Procedure § 1021.5, and applicable IWC wage order.

98.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each of the Class Members to recovery on the causes of action alleged herein.

99.     The Class Members are commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant.  The Class Members are commonly entitled to restitution of those funds being improperly

withheld by Defendant.  This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION
**Unpaid Overtime Wages**
**(California Labor Code §§ 510, 1194 and 1198,**
**and Industrial Welfare Commission Wage Order No. 9)**

100.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

101.   This action is brought, in part, pursuant to the Wage Order and California Labor Code §§ 510, 1194 and 1198.  Under the Wage Order and California Labor Code § 510, Defendant was required to compensate Plaintiff and all Class Members for all overtime, calculated at one and one-half (1-½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day, and two (2) times the regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) day of work.

102.   While employed by Defendant, Plaintiff and the Class Members were required to work more than eight (8) hours in a day or forty (40) hours in a week. Regardless of the number of actual hours worked, and even though Plaintiff and all Class Members are not exempt from California overtime laws, Plaintiff and all Class Members were not and are not afforded overtime compensation for any hours in excess of eight (8) hours in a workday and/or forty (40) hours per week.  By failing to compensate Plaintiff and all Class Members for the hours actually worked, Defendant have failed and continue to fail to pay the overtime compensation owed to Plaintiff and all Class Members pursuant to the Wage Order and the California *Labor Code*.

103. Plaintiff is informed and believes and based thereon alleges that Defendant's policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code § 1194, applicable regulations, and the Wage Order. Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Class Members for overtime compensation earned as required by California law.

104. The conduct of Defendant as described herein was willful and intentional and part of a corporate policy, procedure and practice. Furthermore, Defendant willfully failed to pay Plaintiff and Class Members proper compensation for all overtime hours worked at the appropriate rate of overtime pay.

105. Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

106. Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and each Class Member for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount to be proven at time of trial.

### SECOND CAUSE OF ACTION
### Failure to Pay All Regular Wages
### (California Labor Code § 204)

107. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

108.   At all times relevant herein, Defendant was required, by California Labor Code § 204, to compensate Plaintiff and Class Members correct and proper regular wages for all regular hours worked.

109.   As a pattern and practice, Defendant regularly required Plaintiff and Class Members to work more than eight (8) hours in a day, and forty (40) hours in a week; and required Plaintiff and Class Members to work through meal and rest breaks.  Regardless of the number of hours worked, Plaintiff and Class Members received the same pay, without payment of wages for all hours actually worked.

110.   As a pattern and practice, Defendant regularly failed to pay Plaintiff and Class Members the proper wages for all hours worked

111.   Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay Plaintiff and Class Members all regular wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all regular wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members are entitled to compensation pursuant to California Labor Code § 203.

112.   Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Sub-Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

### THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages
### (California Labor Code § 1194, 11.942 and 1197.1)

113.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

CLASS ACTION COMPLAINT                                                    BELL V. REDFIN CORP.

114.   This cause of action is brought pursuant to California Labor Code § 1194, which provides that non-exempt employees are entitled to the statutory hourly minimum wage for work performed.

115.   At all times relevant herein, Defendant was required to compensate Plaintiff and Class Members at least the statutorily mandated minimum wage for all regular hours worked.

116.   As a pattern and practice, Defendant regularly required Plaintiff and Class Members to work without recording the time worked in any capacity, due to the misclassification of Agents as independent contractors.

117.   As a result, Defendant regularly failed to pay Plaintiff and Class Members the statutorily required minimum wage for all hours worked.

118.   Defendant's conduct as alleged herein is in violation of California Labor Code § 1194 and the Wage Order.  Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Class Members for all hours worked at minimum wages as required by California law.

119.   Plaintiff is informed and believes and based thereon allege that Defendant willfully failed to pay Plaintiff and Class Members minimum wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Sub-Class Members who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

120.   Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Sub-Class Members for damages and wages owed, and for liquidated damages, penalties, interest, costs and attorney's fees.

### FOURTH CAUSE OF ACTION
**Failure to Pay All Regular Wages**
**(California Labor Code §§ 1197.1 and 1199, and the Wage Order)**

121.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

122.   At all times relevant herein, Defendant was required by California Labor Code §§ 1197.1 and 1199 and the Wage Order to compensate Plaintiff and Class Members correct and proper wages for all hours worked.

123.   As a pattern and practice, Defendant regularly failed to pay Plaintiff and Class Members for all hours worked in excess of eight (8) hours in one day or forty (40) hours in a week.

124.   Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay Plaintiff and Class Members wages for all hours worked.  Plaintiff is informed and believes and based thereon allege that Defendant's willful failure to provide all wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiff and Class Members are entitled to compensation pursuant to California Labor Code § 203.

125.   Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount according to proof.

//

//

CLASS ACTION COMPLAINT                                                                 *BELL V. REDFIN CORP.*

### FIFTH CAUSE OF ACTION
**Failure to Allow or Pay for Meal Periods**
**(California Labor Code §§ 226.7 and 512)**

126.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

127.  At all times relevant herein, Defendant was required to provide Plaintiff and Class Members with meal periods that comply with the California Labor Code and applicable regulations and the Wage Order, including California Labor Code §§ 226.7 and 512.

128.  Consistent with Defendant's corporate policy, practice and pattern, Defendant regularly failed to provide, and in fact denied, Plaintiff's and Class Members' statutorily compliant meal periods.

129.  Consistent with Defendant's policy, practice and pattern, Defendant's regularly failed to provide any breaks to Call Service Representatives, allow Plaintiff and Class Members to take or timely take uninterrupted, duty-free meal periods.  As a pattern and practice, Defendant regularly failed to accurately record meal periods.

130.  Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay Plaintiff and Class Members proper meal period premium wages for all non-compliant or missed meal periods.  Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all such meal period wages due and owing to Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Class Members are entitled to compensation pursuant to California Labor Code § 203.

131.  Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an

entitlement to recovery by Plaintiff, Class Members and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

132.   Accordingly, Plaintiff and all members of the Class are entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California Labor Code §  226.7 and the Wage Order.

133.   Plaintiff and Class Members are further entitled to civil penalties under California Labor Code § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

**S<small>IXTH</small> C<small>AUSE OF</small> A<small>CTION</small>**
**Failure to Allow or Pay For Rest Periods**
**(California Labor Code §226.7)**
**By Plaintiff and Class Members Against Defendant**

134.   Plaintiff realleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

135.   At all times relevant herein, Defendant was required to provide Plaintiff and Class Members with rest periods that comply with the California Labor Code and applicable regulations and IWC wage order, including California Labor Code § 226.7.

136.   Consistent with Defendant's corporate policy, practice and pattern, Defendant regularly failed to provide, and in fact denied, Plaintiff and Class Members statutorily compliant rest periods.

137. Consistent with Defendant's corporate policy, practice and pattern, Defendant failed to provide or allow Plaintiff and Class Members to take or timely take mandated rest periods due to their misclassification as independent contractors.

138. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay Plaintiff and Class Members proper rest period premium wages for all non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, members of the Class who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

139. Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

140. Plaintiff and all members of the Class were regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California Labor Code §§ 226.7 and 512 and the Wage Order, in that they are not and were not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

141. Accordingly, Plaintiff and all members of the Class are entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to California Labor Code § 226.7 and the Wage Order.

142. Plaintiff and Class Members are further entitled to civil penalties under California Labor Code § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to

any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover.

### SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### (California Labor Code §§ 201-203)

143.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

144.   At all times relevant herein, Defendant was required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201 through 203.

145.   As a pattern and practice, Defendant regularly failed to pay Plaintiff and Sub-Class Members their final wages pursuant to California Labor Code §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

146.   The conduct of Defendant as described herein was willful, and in violation of the rights of Plaintiff and the Sub-Class Members.

147.   Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to pay wages due and owing to Sub-Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Sub-Class Members are entitled to compensation pursuant to California Labor Code § 203.

//
//

CLASS ACTION COMPLAINT                                                      BELL V. REDFIN CORP.

**EIGHTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**(California Labor Code § 226(a))**
**By Plaintiff and Class Members Against All Defendant**

148.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

149.   At all times relevant hereto, California Labor Code § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

150.   Defendant failed and continue to fail in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to their California employees. Defendant, as a matter of policy and practice, did not maintain accurate records in violation of California Labor Code § 226.

151.   For example, as a matter of policy and practice, among the violations of California Labor Code § 226, Defendant failed to keep accurate records reflecting total number of hours worked, rates of pay, rates of overtime pay (as a result of Defendant's failure to record proper overtime hours worked, and to properly

calculate the overtime rate of pay), and daily or weekly overtime pay.  As a result, Defendant failed to provide true and accurate wage statements to Plaintiff and Class Members, as required by California Labor Code § 226.

152.   Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class Members in a civil action for all damages and/or penalties pursuant to California Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226, in amount according to proof.

153.   Class Members, including Plaintiff, is entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00) per employee.

**NINTH CAUSE OF ACTION**
**Willful Misclassification of Individual as Independent Contractor**
**(California Labor Code § 226.8)**

154.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

155.   Defendant intentionally and willfully characterized Plaintiff and members of the Class as independent contractors rather than employees in violation of Labor Code §226.8.

156.   Defendant has been engaging in a pattern and practice of misclassifying employees as independent contractors for their own financial benefit.

157.   As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class Members are entitled to recover damages in an amount to be determined at trial, civil penalties, plus interest thereon, and attorneys' fees, and costs of suit pursuant to Labor Code § 226.8.

158.   Defendant has engaged in or are engaging in a pattern or practice of misclassifying the Agents, and Plaintiff seek recovery for civil penalties of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

159.   Plaintiff reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

### TENTH CAUSE OF ACTION
**Unfair Business Practices**
**(California Business and Professions Code §§ 17200, et seq.)**

160.   Defendant, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, requiring Class Members to perform the labor complained of herein without overtime compensation, regular compensation or minimum wage for all hours worked, failing to provide meal and rest breaks, and failing to provide itemized wage statements.  Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

161.   Plaintiff and the Class Members, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein. Plaintiff seeks, on their own behalf and on behalf of the Class Members and general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

162.   Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code §§ 17200, et seq., as set forth above, thereby depriving Plaintiff, Class Members, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

163.   Plaintiff, Class Members, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

### ELEVENTH CAUSE OF ACTION
**Violation of the Private Attorney General Act
(California Labor Code §§ 2698, 2699.)**

164.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

165.   At all times relevant herein, Cal Lab. Code § 2698 was applicable to Plaintiff's employment by Defendant.

166.   Plaintiff has satisfied the jurisdictional prerequisites for an action under Cal Lab. Code §§ 2699, et seq. ("PAGA") in that on June 5, 2020, he gave notice to the Labor & Workforce Development Agency ("LWDA") and Defendant by certified mail that Defendant was in violation of certain sections of the Labor Code.

167.   Plaintiff's LWDA Letter is attached hereto as Exhibit "A".

168.   The Labor Commissioner provided no notice within 60 calendar days of the postmark date of Plaintiff's notice that it intended to investigate the alleged violations.

169.   Therefore, Plaintiff has satisfied the requirements of Cal Lab. Code § 2699.3 and may recover civil penalties for Defendant's violations of Cal Lab. Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 512, 516, 1174 and 1174.5.

170.   As set forth more fully above, Defendant violated Cal Lab. Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 512, 516, 1174 and 1174.5.

171.   Pursuant to Cal Lab. Code §§ 2699(f) and (g), Plaintiff is entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for Defendant's violations of Cal Lab. Code §§ 201, 202, 203 204, 210, 226, 226.3, 226.7, 512, 516, 1174 and 1174.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendant, jointly and severally, as follows:

a)   That the Court determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

b)   That the Plaintiff be appointed as the representative of the Class;

c)   That counsel for Plaintiff be appointed as Class Counsel;

d)   That the Court find that Defendant has been in violation of applicable provisions of the California Labor Code by failing to pay each member of the proposed Classes for all hours worked, including minimum wage;

e)   That the Court find that Defendant has been in violation of applicable provisions of the California Labor Code §§510, 1194 et seq., and IWC Wage Order by failing to pay overtime wages to Plaintiff and members of the Class;

f)   That the Court find that Defendant have been in violation of California Labor Code §§226.7 and 512 by failing to provide Plaintiff and members of the Class with meal periods and therefore owe compensation under California Labor Code §226.7(b);

g) That the Court find that Defendant has been in violation of California Labor Code §§226.7 by failing to authorize and permit rest periods for Plaintiff and members of the Class, and therefore owe compensation under California Labor Code §226.7(b);

h) That the Court find that Defendant has been in violation of California Labor Code §§ 2698, 2699;

i) That the Court find that Defendant has been in violation of California Labor Code § 2802, by failing to reimburse the Plaintiff and the Class reasonable business expenses and losses;

j) That the Court find that Defendant has violated the recordkeeping provisions of California Labor Code §§ 1174 and 1174.5 as to Plaintiff and the Class;

k) That the Court find that Defendant has been in violation of California Labor Code § 226 by failing to timely furnish Plaintiff and members of the Class with itemized statements accurately showing the total hours worked, vacation benefits, bonus benefits, and wages earned by each of them during each pay period;

l) That the Court find that Defendant have been in violation of California Labor Code §§201 and 202 and therefore owe waiting time penalties under California Labor Code §203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and other formerly employed members of the Class;

m) That the Court find that Defendant has been in violation of California Labor Code §226.8 and therefore owe civil penalties under California Labor Code §226.8 and all damages proximately caused by Defendant's wrongful conduct of engaging in a pattern or practice of willfully misclassifying Call Service Representative as independent contractors;

n) That the Court find that Defendant has committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, et seq., by their violations of the Labor Code and Wage Orders as described above;

o) That the Court find that Defendant's violations of the California Labor Code described herein have been willful;

p) That the Court award to Plaintiff and the proposed Class Members restitution for the amounts of unpaid wages, including interest thereon, liquidated damages and/or statutory penalties for failure to timely furnish accurate itemized wage statements, and waiting time and other statutory penalties in amounts subject to proof at trial;

q) That Defendant be ordered and enjoined to pay restitution and penalties to Plaintiff and the proposed Class Members due to Defendant's unlawful and/or unfair activities, pursuant to Business and Professions Code §§17200-17205;

r) That Defendant further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code §17200, pursuant to §17203;

s) That civil penalties be awarded pursuant to Cal. Lab. Code §§ 2699(a), (f), and (g);

t) That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 203, 225.5, 226, 1194, 1197, and 2804, Code of Civil Procedure § 1021.5, and/or other applicable law;

u) That the Court award any other relief this Court deems just, equitable, and proper;

v) That Defendant be ordered to refrain from retaliating against any Class Members who are current employees;

w)  Any and all other applicable statutory penalties, as provided by law; and

x)  Any other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

172.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury on all applicable claims.

KAZEROUNI LAW GROUP, APC

Date: November 20, 2020                    By:  _s/ Abbas Kazerounian_
                                                 Abbas Kazerounian, Esq.
                                                 Yana A. Hart, Esq.
                                                 Veronica Cruz, Esq.
                                                 *Attorneys for Plaintiff*

## Additional Counsel for Plaintiff

Yana A. Hart, Esq. (SBN 306499)          Veronica Cruz, Esq. (SBN 318648)
yana@kazlg.com                            veronica@kazlg.com
KAZEROUNI LAW GROUP, APC                  KAZEROUNI LAW GROUP, APC
2221 Camino Del Rio, Suite 101            245 Fischer Ave, Suite D1
San Diego, CA 92108                       Costa Mesa, CA 92626
Telephone: (619) 233-7770                 Telephone: (800) 400-6808
Facsimile: (800) 520-5523                 Facsimile: (800) 520-5523

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

# EXHIBIT A



2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022
www.kazlg.com

June 3, 2020

***FILED ELECTRONICALLY PURSUANT TO SB 836***

Labor and Workforce Development Agency
800 Capitol Mall
Sacramento, CA 95814
https://dir.tfaforms.net/128

***Re:  Jason Bell, individually and on behalf of all others similarly situated, v. Redfin Corporation***

To Whom It May Concern:

Please take notice that *Jason Bell* alleges that *Redfin Corporation* ("Redfin"), has violated, and continues to violate, the provisions of the *Labor Code* and wage orders promulgated by the Industrial Welfare Commission. Those similarly situated workers include all current and former aggrieved employees, employed by Redfin as Agents, who were denied wages for hours worked, but not compensated, and who were paid less than California's minimum wage, at any of its locations and/or job sites in the state of California, from a date four years prior to the date that the attached proposed complaint is filed, to the present date.

The complaint alleges that Redfin's actions are subject to civil penalties pursuant to the following provisions of the *Labor Code* and Industrial Welfare Commission Wage Order 4*:*

 a. Sections 1194 and 1197 for failing to pay minimum wage;

 b. Sections 510, 1194 and 1198, for failing to pay overtime wages;

 c. Section 226.8 for willfully misclassifying its employees as independent contractors;

 d. Sections 226.7 and 512, for failing to provide duty-free meal and rest periods;

 e. Section 226 for failing to provide accurate, itemized wage statements;

 f. Section 201-203, for failing to pay all wages due upon termination; and,

g.   Section 558, and Wage Order No. 4, for failing to pay proper wages and/or provide required working conditions and/or for violating the applicable Wage Order/ regulations.

Accordingly, Mr. Bell requests that the Labor and Workforce Development Agency not investigate these violations and permit him to pursue a claim for such penalties under the Private Attorney General's Act (Labor Code section 2698 et seq. and Labor Code section 558). Upon receiving notice that this Agency does not intend to investigate the alleged violations, or, if no notice is provided, then within 61 calendar days of the electronic filing date of this letter, the named plaintiff will amend his lawsuit to include these claims.

Thank you for your time and consideration.


Sincerely,


Yana A. Hart, Esq.



Enclosure:  Complaint

Cc certified mail, return receipt requested:    Redfin Corporation

Redfin Corporation
1099 Stewart Street, Suite 600
Seattle, WA 98101