RONALD D. ARENA, Bar No. 218421
MICHAEL B. MOORE, Bar No. 319001
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA  94104
Telephone:  415.433.1414
Facsimile:   415.520.0446
Email:       rarena@arenahoffman.com
             mmoore@arenahoffman.com

Attorneys for Defendant
REDFIN CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION,<br><br>Defendant. | Case No. 3:20-cv-02264-AJB-AGS<br><br>**DEFENDANT REDFIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date:          February 4, 2021<br>Time:          2:00 PM<br>Courtroom:   4A<br><br>Hon. Anthony J. Battaglia |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

Defendant Redfin Corporation ("Redfin") submits the following Memorandum of Points and Authorities in support of its Motion to Compel Arbitration and Request to Stay Action:

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION

Case No. 3:20-cv-02264-AJB-AGS

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................1

II.     STATEMENT OF FACTS..............................................................................2

    A.     Plaintiff Entered Into Two Arbitration Agreements Covering
       His Dual Role With Redfin...................................................................2

    B.     The Employee Agreement's Arbitration Provision .............................3

    C.     The Independent Contractor Agreement's Arbitration Provision........4

    D.     Plaintiff Received And Agreed To Honor Both Arbitration
       Agreements..........................................................................................6

    E.     Plaintiff Breached His Agreements To Arbitrate This Action ............7

III.    ARGUMENT..................................................................................................8

    A.     Both The EAACA And AAICAA Are Valid And Enforceable
       As To Plaintiff's Dual Role With Redfin ...........................................8

    B.     The Federal Arbitration Act Applies to Both Arbitration
       Agreements..........................................................................................8

    C.     Plaintiff and Redfin Formed Binding Arbitration Agreements ..........10

    D.     Plaintiff's Claims Fall Within the Scope of the Agreements..............11

    E.     Validity Of The Agreements Must Be Decided By The
       Arbitrator............................................................................................12

    F.     No Basis Exists to Invalidate the Arbitration Agreements .................13

       1.     The Agreements Are Not Procedurally Unconscionable .........14

       2.     The Agreements Are Not Substantively
          Unconscionable........................................................................15

       3.     The Agreements Are Enforceable Under
          *Armendariz*............................................................................16

    G.     The Agreements' Class Action Waivers Are Enforceable .................19

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL          i.          Case No. 3:20-cv-02264-AJB-AGS
ARBITRATION

H.   The PAGA Cause Of Action Should Be Stayed .................................20

IV.   CONCLUSION ............................................................................................21

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION

ii.

Case No. 3:20-cv-02264-AJB-AGS

# TABLE OF AUTHORITIES

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson,*
 513 U.S. 265 (1995) ........................................... 9

*Alvarez v. AutoZone, Inc.,*
 2015 WL 13427751 (C.D. Cal July 8, 2015) ................................... 21

*Armendariz v. Found. Health Psychcare Servs., Inc.,*
 24 Cal. 4th 83 (2000) ........................................ 16, 17, 18

*AT&T Mobility LLC v. Concepcion,*
 563 U.S. 333 (2011) ................................. 16, 17, 19, 20

*Aviles v. Quik Pick Express, LLC,*
 703 F. App'x 631 (9th Cir. 2017) ............................................ 20, 21

*Baeza v. Superior Court,*
 201 Cal. App. 4th 1214 (2011) ........................................ 16

*Baltazar v. Forever 21, Inc.,*
 62 Cal. 4th 1237 (2016) ........................................ 14

*Basura v. U.S. Home Corp.,*
 98 Cal. App. 4th 1205 (2002) ........................................ 9

*Brown v. Wells Fargo Bank,*
 168 Cal. App. 4th 938 (2008) ........................................ 15

*Citizens Bank v. Alafabco, Inc.,*
 539 U.S. 52 (2003) ........................................ 9

*Cobarruviaz v. Maplebear, Inc.,*
 143 F. Supp. 3d 930 (N.D. Cal. 2015) ........................................ 20

*Dotson v. Amgen, Inc.,*
 181 Cal. App. 4th 975 (2010) ........................................ 18

*Epic Systems Corp. v. Lewis,*
 138 S.Ct. 1612 (2018) ........................................ 19

*First Options of Chicago, Inc. v. Kaplan,*
 514 U.S. 938 (1995) ........................................ 19

*Harris v. TAP Worldwide, LLC,*
 248 Cal. App. 4th 373 (2016) ........................................ 11

*Hedges v. Carrigan,*
 117 Cal. App. 4th 578 (2004) ........................................ 9

*Iskanian v. CLS Transportation*,
   59 Cal. 4th 348 (2014)...........................................................................19, 20

*Lucas v. Hertz Corp.*,
   875 F.Supp.2d 991 (N.D. Cal. 2012)..................................................16

*Malone v. Superior Court*,
   226 Cal. App. 4th 1551 (2014).........................................14, 15, 17

*Marin Storage & Trucking, Inc. v. Benco Contracting and Eng'g, Inc.*,
   89 Cal. App. 4th 1042 (2001)...........................................................10

*McLain v. Real Estate Bd.*,
   444 U.S. 232 (1980) ...........................................................................9

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) .........................................................................12

*Nelson v. Legacy Partners Residential, Inc.*,
   207 Cal. App. 4th 1115 (2012)...........................................................9

*Oguejiofor v. Nissan*,
   2011 WL 3879482 (N.D. Cal. Sept. 2, 2011)....................................11

*Peng v. First Republic Bank*,
   219 Cal. App. 4th 1462 (2013).........................................................14

*Pope v. Sonatype, Inc.*,
   2015 WL 2174033 (N.D. Cal. May 8, 2015) .....................................18

*Poublon v. C.H. Robinson Company*,
   846 F.3d 1251 (9th Cir. 2017)..........................................................15

*Ramirez-Baker v. Beazer Homes, Inc.*,
   636 F.Supp.2d 1008 (E.D. Cal. 2008)..............................................12

*Rent-A-Center, West, Inc. v. Jackson*,
   561 U.S. 63 (2010) ...........................................................................12

*Rodriguez v. Am. Techs., Inc.*,
   136 Cal. App. 4th 1110 (2006)........................................................8, 9

*Ruhe v. Masimo Corp.*,
   2011 WL 4442790 (C.D. Cal. Sept. 16, 2011)..................................16

*Sakkab v. Luxottica Retail N. Am., Inc.*,
   803 F.3d 425 (9th Cir. 2015)............................................................20

*Saline v. Northrop Grumman Corp.*,
   2009 WL 10674037 (C.D. Cal. Feb. 9, 2009) ...................................18

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION

iv.

Case No. 3:20-cv-02264-AJB-AGS

*Sanchez v. Carmax Auto Superstores California, LLC,*
    224 Cal. App. 4th 398 (2014)..................................................................17

*Serpa v. Cal. Surety Investigations, Inc.,*
    215 Cal. App. 4th 695 (2013)..................................................................14

*Simula, Inc. v. Autoliv, Inc.,*
    175 F.3d 716 (9th Cir. 1999)...................................................................12

*Smith v. Sara Lee Fresh, Inc.,*
    2007 WL 4356725 (E.D. Cal. Dec. 11, 2007)....................................17

*Sonic-Calabasas A, Inc. v. Moreno,*
    57 Cal. 4th 1109 (2013)............................................................................15

*Strotz v. Dean Witter Reynolds, Inc.,*
    223 Cal. App. 3d 208 (1990)...................................................................11

**Statutes**

9 U.S.C. § 1............................................................................................................8

9 U.S.C. § 2..........................................................................................................13

Cal. Bus. & Prof. Code § 10130.........................................................................6

Cal. Civ. Code § 1550.........................................................................................10

Cal. Code Civ. Proc. § 1281...............................................................................13

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION
v.
Case No. 3:20-cv-02264-AJB-AGS

## I.   INTRODUCTION

Plaintiff Jason Bell ("Plaintiff") brings suit asserting two separate and distinct legal theories based on the fact that he served in two different real estate sales agent roles with Defendant Redfin Corporation ("Redfin" or the "Company"), a real estate brokerage.   One role was as an employee; his other role was as a contractor.   As explained below, these two roles are quite distinct.   Employee agents are generally responsible for overseeing real estate transactions between Redfin and its customers.   Contractor agents (also known as "Associate Agents") handle discreet "field events" (such as open houses or home tours) that require a real estate license and for which a flat fee is paid depending on the kind of event being covered.

For each of the two roles, Plaintiff entered into two separate, binding arbitration agreements due to his dual roles with the Company.   First, Plaintiff entered into his Employee Assignment, Arbitration and Confidentiality Agreement on November 30, 2018 pursuant to his employment relationship with Redfin in his position of "Agent."   Second, Plaintiff entered into his Associate Agent Independent Contractor and Arbitration Agreement on December 2, 2018 pursuant to his independent contractor relationship with Redfin his role as "Associate Agent."

Both Agreements require arbitration of "any and all claims arising out of" the "relationship between the parties."   The Agreements clearly cover the claims Plaintiff asserts in this case, each of which arises out of his allegation that Redfin violated various wage and hour laws under the California Labor Code and Business and Professions Code and/or otherwise misclassified him.   Plaintiff received the arbitration terms in a clear and conspicuous writing and manifested his consent to arbitration in writing.   The Agreements are supported by consideration—Redfin's reciprocal promise to arbitrate its claims against Plaintiff.

There is no basis for invalidating Plaintiff's agreements to arbitrate with Redfin. As an initial matter, the Court lacks jurisdiction to adjudicate the validity of either Agreement because the clear and unmistakable delegation clauses leave contract

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION                                        1.                          Case No. 3:20-cv-02264-AJB-AGS

enforceability to an arbitrator. Even if the issue was justiciable, the arbitration procedures provided under both Agreements are more than fair. They provide Plaintiff with the same remedies that he would receive in court. They provide both parties with adequate discovery and ensure written decisions by a neutral arbitrator. They impose the costs of arbitration on Redfin, not on Plaintiff. The agreements to arbitrate are mutual, requiring both Plaintiff and Redfin to arbitrate their respective claims. Nothing but Plaintiff's second thoughts about arbitration provides any reason for declining to enforce either Agreement. Redfin therefore respectfully asserts that Plaintiff's entire case be submitted to final and binding arbitration, other than the claims for PAGA penalties, which should be stayed pending the outcome of arbitration.

## II.   STATEMENT OF FACTS

### A.   Plaintiff Entered Into Two Arbitration Agreements Covering His Dual Role With Redfin

Redfin is a real estate broker that provides brokerage services. (Karp Decl. ¶ 2.) On November 30, 2018, Redfin hired Plaintiff as an "Agent" employee. (*Id.* ¶ 6.) "Agents" are generally considered "deal writing agents," who are responsible for interfacing with clients during key aspects of the sales process, preparing offer proposals and documentation, negotiating sales contracts, and closing transactions. (*Id.* ¶ 4.) Upon Plaintiff's hire, he and Redfin entered into an Employee Assignment, Arbitration and Confidentiality Agreement. (*Id.* ¶ 6, Ex. A, "EACA".)

On December 2, 2018, Redfin also contracted with Plaintiff as an "Associate Agent" to perform services as an independent contractor real estate associate. (Patchen Decl. ¶ 5.) "Associate Agents" also have real estate salesperson licenses but primarily cover a range of "field events" within the home buying or selling process for which they are paid a set fee. (*Id.*, ¶ 3.) For example, Plaintiff's additional role as an "Associate Agent" required him to conduct home tours and home inspections or attend key exchanges. (*Id.*) For this role, Plaintiff and Redfin entered into an Associate

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION                    2.                    Case No. 3:20-cv-02264-AJB-AGS

Agent Independent Contractor and Arbitration Agreement. (*Id.* ¶ 6, Ex. B, "AAICAA".)

### B.   The Employee Agreement's Arbitration Provision

The arbitration provision is found in Paragraph 18 of the Employee Assignment, Arbitration and Confidentiality Agreement ("EAACA"), entitled "***Mutual Agreement to Arbitrate***." (EAACA ¶ 18 at 7-8.; emphasis in original).

The EAACA provides that Plaintiff and Redfin "mutually agree to submit to mandatory binding arbitration any and all claims arising out of or related in any way to my employment or termination thereof, compensation, . . . the relationship between the parties, and this Agreement (collectively, "*Arbitrable Claims*")." (EAACA ¶ 18(a) at 7; emphasis in original.) Plaintiff and Redfin also agreed "that no class or collective actions can be asserted in arbitration or otherwise" with the exception of claims under the California Private Attorneys General Act of 2004 ("PAGA"). (*Id.*) However. "[a]ll other non-PAGA claims, whether in arbitration or otherwise, must be brought solely in my or Company's individual capacity, and not as a plaintiff or class member in any purported class or collective proceeding." (*Id.*) The EAACA further provides in all capitalized letters:

> SUBJECT TO THE ABOVE, THE PARTIES HEREBY WAIVE ANY RIGHTS THEY MAY HAVE TO TRIAL BY JURY IN REGARD TO ARBITRABLE CLAIMS. THE PARTIES FURTHER WAIVE ANY RIGHTS THEY MAY HAVE TO PURSUE OR PARTICIPATE IN A CLASS OR COLLECTIVE ACTION PERTAINING TO ANY CLAIMS BETWEEN THEM, EXCEPT AS PROVIDED ABOVE.

(*Id.*)

With regard to the arbitration procedure, the Agreement states that the "arbitration will be conducted through JAMS before a single neutral arbitrator." (*Id.* at ¶ 18(b) at 7.) The EAACA states that the arbitration will be administered pursuant

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION          3.          Case No. 3:20-cv-02264-AJB-AGS

to JAMS' "employment arbitration rules & procedures (the 'JAMS Rules')" of which a copy is available from Redfin's Human Resources or at the URL link provided in the agreement. (*Id.*)  The arbitrator "will issue a written decision that contains the essential findings and conclusions on which the decision is based."  (*Id.*)

The EAACA also contains a clear and unmistakable delegation clause leaving the arbitrator with the "sole and exclusive authority" to determine the "arbitrator's jurisdiction," "application of this [EAACA] to any dispute between the parties," its "enforceability," and "questions of procedural and substantive unconscionability." (*Id*. at ¶ 18(b) at 7)  Further, the EAACA provides that the arbitrator may award "any party any remedy to which that party is entitled under applicable law" with the exception that such remedies are limited to those that would be available to a party in his or its individual capacity in a court of law, which is consistent with the Agreement's class-waiver.  (*Id.* at ¶ 18(e) at 8.)  In addition, Redfin will pay all costs and fees unique to arbitration under applicable law, as required in California.  (*Id.* at ¶ 18(c) at 7.)

The EAACA is "governed by, the Federal Arbitration Act."  (*Id*. at ¶ 18(a) at 7.)  Further, the Agreement contains a severability clause and states that if any provision in the Agreement is found to be invalid or unenforceable, then such provision must be construed as to render the provision enforceable.  (*Id*. at ¶ 20 at 8.)  However, if no feasible modification would save such provision, it must be severed from the Agreement.  (*Id*.)

**C.    The Independent Contractor Agreement's Arbitration Provision**

The arbitration provision found in Paragraph 8 of the Associate Agent Independent Contractor and Arbitration Agreement ("AAICAA"), entitled "**Arbitration and Class Action Waiver**," is nearly identical to the EAACA's arbitration clause.  (Patchen Decl. ¶ 6, Ex. B, "AAICAA" ¶ 8 at 4.; emphasis in original).

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION                4.                Case No. 3:20-cv-02264-AJB-AGS

The AAICAA requires Plaintiff and Redfin "to submit to mandatory binding arbitration any and all claims arising out of or related to the relationship between the parties, this Agreement and the termination thereof (collectively, '**Arbitrable Claims**')." (*Id*. at ¶ 8 at 4; emphasis in original.)  Plaintiff and Redfin also agreed "that no class or representative actions can be asserted in arbitration or otherwise.  All claims, whether in arbitration or otherwise, must be brought solely in Associate Agent's or Redfin's individual capacity, and not as a plaintiff or class member in any purported class or collective proceeding." (*Id.*)  The AAICAA further provides in all capitalized letters:

> SUBJECT TO THE ABOVE, THE PARTIES HEREBY WAIVE ANY RIGHTS THEY MAY HAVE TO TRIAL BY JURY IN REGARD TO ARBITRABLE CLAIMS. THE PARTIES FURTHER WAIVE ANY RIGHTS THEY MAY HAVE TO PURSUE OR PARTICIPATE IN A CLASS OR COLLECTIVE ACTION PERTAINING TO ANY CLAIMS BETWEEN THEM.

(*Id.*)

With regard to the arbitration procedure, the AAICAA sets out that the "arbitration shall be conducted through JAMS before a single neutral arbitrator." (*Id*. at ¶ 8 at 4.)  The AAICAA provides that the parties will confer on the procedural rules governing the arbitration proceeding subject to approval by the arbitrator.  (*Id.*)  However, if no agreement can be reached, the state rules of civil procedure where the arbitration is held shall apply.  (*Id.*)  The arbitrator will issue a written decision that contains the essential findings and conclusions on which the decision is based.  (*Id.* at ¶ 8 at 5.)

The AAICAA also contains a clear and unmistakable delegation clause leaving the arbitrator with the "sole and exclusive authority" to determine the "arbitrator's jurisdiction," "application of this [AAICAA] to any dispute between the parties," its "enforceability," and "questions of procedural and/or substantive unconscionability."

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION                    5.                    Case No. 3:20-cv-02264-AJB-AGS

(*Id*. at ¶ 8 at 4.)  Further, the AAICAA provides that the arbitrator may award "any party any remedy to which that party is entitled under applicable law" with the exception that such remedies are limited to those that would be available to a party in his or its individual capacity in a court of law, which is consistent with the Agreement's class-waiver.  (*Id.* at ¶ 8 at 5)  In addition, Redfin will pay all costs and fees unique to arbitration under applicable law, as required in California.  (*Id.* at ¶ 8 at 4.)

The AAICAA is "governed by, the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.*" (*Id.* at ¶ 8 at 4; *see also id.* ¶ 11(i) at 6.) Further, the AAICAA contains a severability clause and states that if any provision in the agreement is found to be invalid or unenforceable, then such provision must be construed as to render the provision enforceable.  (*Id*. ¶ 11(g) at 6.)  However, if no feasible interpretation would save such provision, it must be severed from the AAICAA.  (*Id.*)

> **D.    Plaintiff Received And Agreed To Honor Both Arbitration Agreements**

Real estate agents such as Plaintiff must be licensed with the California Department of Real Estate.  Cal. Bus. & Prof. Code § 10130, *et seq.*  Obtaining a real estate salesperson's license requires the ability to draft and understand complex contracts for the sale and purchase of real property.

Despite the complexity of Plaintiff's work as a real estate salesperson, Redfin's procedure for onboarding both employee Agents and independent contractor Associate Agents, such as Plaintiff, to sign documents using DocuSign is simple. DocuSign is a web-based electronic signature service.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)  Prior to employment and the engagement to provide services with Redfin, an email is sent to the Agent or Associate Agent, like Plaintiff, using the DocuSign web portal.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)  Here, Redfin sent emails to the email address Plaintiff provided upon recruitment – owedto*****@gmail.com.  (Karp Decl.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION                6.                Case No. 3:20-cv-02264-AJB-AGS

¶ 9; Patchen Decl. ¶ 9.)  Plaintiff's last five characters of his personal email address are redacted for privacy.

Within DocuSign, boxes are checked to indicate where Plaintiff is required to sign.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)  At each box checked, DocuSign gave Plaintiff an option to accept the terms of the EAACA and AAICAA by affixing an electronic signature.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)  Plaintiff can use a default font for the signature or use his own customized image for the signature.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)  Once Plaintiff indicates acceptance of the Agreements, the signature is electronically affixed and the date of the signature is indicated in the appropriate box, in this case, November 30, 2018 for the EAACA and December 2, 2018 for the AAICAA.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)  For the EAACA, Plaintiff and the President of Real Estate Operations, Scott Nagel, each receive an email indicating that the Agreement has been reviewed and completed.  (Karp Decl. ¶ 9.)  For the AAICAA, Plaintiff and the Contractor Relations Administrator, in this case, Collin Horn, each receive an email indicating that the Agreement has been reviewed and completed.  (Patchen Decl. ¶ 9.)  A copy of the Agreement can be downloaded from the email as a .pdf document or by accessing the DocuSign web portal.  (Karp Decl. ¶ 9; Patchen Decl. ¶ 9.)

**E.    Plaintiff Breached His Agreements To Arbitrate This Action**

Despite the existence of both the EAACA and AAICAA and Plaintiff's clear understanding of their terms, Plaintiff filed this putative class action in this Court on November 20, 2020.  (Dkt. No. 1, "Compl.")  The class action Complaint asserts eleven causes of action alleging a variety of wage and hour violations under the California Labor Code and Business and Professions Code.  (*See generally id.*)  Plaintiff appears to assert two separate legal theories:  (1) a putative wage-and-hour class action based on his employment relationship with Redfin as an "Agent" (*see id.* ¶¶ 15-38); and (2) a putative wage-and-hour class action predicated on Redfin allegedly misclassifying him as an independent contractor as an "Associate Agent"

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION

7.

Case No. 3:20-cv-02264-AJB-AGS

1  (*see id.* ¶¶ 39-70).  Regardless of Plaintiff's attempt to conflate his distinct roles with

2  Redfin (*see id.* ¶¶ 15-71), all of these claims are grounded upon Plaintiff's allegation

3  that Redfin committed unlawful wage-and-hour violations against him.  (*Id.* ¶¶ 100-

4  171.)  As discussed in further detail, Plaintiff expressly agreed to resolve all of his

5  claims on an individual basis – including his "employment," "compensation," and/or

6  "relationship between the parties" – in arbitration and breached both Agreements by

7  filing this putative class action in this Court.  Redfin requests that the Court grant its

8  motion to compel arbitration pursuant to the parties' express agreements to arbitrate

9  under the EAACA and AAICAA and stay the proceedings as to PAGA cause of

10  action.

11  **III.   ARGUMENT**

12  **A.   Both The EAACA And AAICAA Are Valid And Enforceable As To**

13  **Plaintiff's Dual Role With Redfin**

14  As explained above, Plaintiff entered into the Employee Assignment,

15  Arbitration and Confidentiality Agreement on November 30, 2018 for his role as an

16  "Agent" employee with Redfin.  (Karp Decl. ¶ 6, Ex. A, "EAACA".)  Section 18,

17  entitled "Mutual Agreement to Arbitrate", contains the arbitration provisions for that

18  agreement.  (EAACA ¶ 18 at 7-8.)

19  On December 2, 2018, Redfin entered into an Associate Agent Independent

20  Contractor and Arbitration Agreement (the "Agreement") for his role as an

21  independent contractor "Associate Agent".  (Patchen Decl. ¶ 6, Ex. B, "AAICA".)

22  Section 8, entitled "Arbitration and Class Action Waiver," controls the arbitration

23  provisions for this Agreement. (AAICAA ¶ 8 at 4-5.)

24  Redfin moves to compel arbitration as to Plaintiff's non-PAGA claims pursuant

25  to his express agreements under both the EAACA and AAICAA.

26  **B.   The Federal Arbitration Act Applies to Both Arbitration Agreements**

27  The parties agreed to have the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

28  ("FAA") govern both arbitration clauses.  (EACCA ¶ 18(a) at 7; AAICAA ¶ 8 at 4.)

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION                                        8.                    Case No. 3:20-cv-02264-AJB-AGS

The parties' choice of the FAA to govern both Agreements must be given effect. *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1122 (2006) ("They adopted the FAA—all of it—to govern their arbitration. The FAA controls ....")  In *Rodriguez*, the Court of Appeal held that the FAA governed the parties' arbitration agreement where it specified that the parties agreed to arbitrate their claims "[p]ursuant to the Federal Arbitration Act." *Id.* at 1121–22.  The language in Plaintiff's Agreements mirrors that in *Rodriguez.*  The FAA applies to the EAACA and AAICAA.

Also, the FAA would apply to the parties' arbitration agreements even if the parties had not expressly provided for application of the FAA, which they did (twice).  The "FAA applies to all arbitration agreements in contracts evidencing interstate commerce." *Nelson v. Legacy Partners Residential, Inc.*, 207 Cal. App. 4th 1115, 1120 n.2 (2012).  "Interstate commerce" has been given a broad reading under the FAA, covering all areas that Congress may constitutionally regulate under the commerce clause. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995).  The FAA's reach encompasses "more than only persons or activities within the flow of interstate commerce." *Id.* at 273.  It includes transactions that, in the aggregate, have a "substantial effect on interstate commerce." *Citizens Bank v. Alafabco, Inc.* 539 U.S. 52, 55–56 (2003).

Real estate transactions, by their very nature, involve interstate commerce. *See McLain v. Real Estate Bd.* 444 U.S. 232, 254 (1980) (explaining that residential real estate transactions involve interstate commerce).  Moreover, courts have found that real estate transactions involve interstate commerce under the FAA when the transactions rely in part on out-of-state services or federal financing. *See Basura v. U.S. Home Corp.*, 98 Cal. App. 4th 1205, 1214–15 (2002) (finding the FAA applied where a real estate transaction involved the use of out-of-state professional services); *Hedges v. Carrigan*, 117 Cal. App. 4th 578, 586–87 (2004) (finding the FAA applied where a real estate transaction was financed through the Federal Housing Administration).  Here, the real estate transactions facilitated by Redfin and both

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION                9.                Case No. 3:20-cv-02264-AJB-AGS

1    Agents and Associate Agents, like Plaintiff regardless of his dual role, rely on services

2    outside of California.   Some of these transactions also involve federal financing.

3    Accordingly, Redfin properly brings this motion to compel under the FAA.

### C.   Plaintiff and Redfin Formed Binding Arbitration Agreements

5         Whether the parties have agreed to arbitrate a dispute is governed by ordinary

6    contract principles.   *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944

7    (1995).   In California, a valid contract exists when:   (1) the parties are capable of

8    contracting; (2) there was mutual consent; (3) the contract had a lawful object; and (4)

9    the contract was supported by sufficient cause or consideration.   Cal. Civ. Code §

10   1550.   Here, Plaintiff's Agreement meets all four requirements.

11        First, the parties are capable of contracting.   Plaintiff is an adult of sound mind

12   with the capability of entering into binding contracts.   Further, Plaintiff agreed that he

13   executed the EAACA "voluntarily and without any duress or undue influence" and

14   has "carefully read" and "fully understand[s]" it, including the arbitration clause and

15   class action waiver, on November 30, 2018.   (EAACA ¶ 19 at 8).   Likewise, Plaintiff

16   represented that he "is capable of entering into this Agreement" at the time of

17   executing the AAICAA on December 2, 2018.   (AAICAA ¶ 9(b) at 5.)   There is no

18   basis for disputing Plaintiff's ability to contract as to either Agreement.

19        Second, there was mutual consent to both arbitration agreements, as evidenced

20   by Plaintiff's and a Redfin representative's electronic signatures on the Agreements.

21   (EAACA at 10; AAICAA at 1.)   In addition to signing the Agreements, Plaintiff

22   expressly agreed in the EACAA that he has "asked any questions needed for me to

23   understand the terms, consequences, and binding effect of this Agreement and fully

24   understand it" and was "provided an opportunity to seek the advice of an attorney of

25   my choice before signing this Agreement."   (EAACA ¶ 19 at 8.)   Likewise, Plaintiff

26   and Redfin agreed under the AAICAA that "[e]ach party acknowledges that it has

27   read this Agreement, has had an opportunity to consult with its own legal advisers, if

28   so desired, and agrees to all its terms and conditions."   (AAICAA ¶ 11(k) at 6.)   That

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL          10.          Case No. 3:20-cv-02264-AJB-AGS
ARBITRATION

1   is sufficient to establish mutual consent.  *See Marin Storage & Trucking, Inc. v. Benco*
2   *Contracting and Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049 (2001) ("one who signs an
3   instrument which on its face is a contract is deemed to assent to all its terms.").

4       Third, both arbitration agreement have a lawful purpose:  the resolution of
5   disputes.  Indeed, arbitration agreements are not only lawful but favored under both
6   federal and California law.  *Harris v. TAP Worldwide, LLC*, 248 Cal. App. 4th 373,
7   380 (2016) ("California law favors enforcement of valid arbitration agreements.");
8   *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("We have described
9   this provision as reflecting [] a liberal policy favoring arbitration.") .

10      Fourth, both the EAACA and AAICAA are supported by consideration:
11  Plaintiff and Redfin both promised to arbitrate their claims against the other.
12  (EAACA ¶ 18(a) at 7; AAICAA ¶ 8 at 4); *Strotz v. Dean Witter Reynolds, Inc.*, 223
13  Cal. App. 3d 208, 216 (1990) (overruled on other grounds) ("Where an agreement to
14  arbitrate exists, the parties' mutual promises to forego a judicial determination and to
15  arbitrate their disputes provide consideration for each other."); *Oguejiofor v. Nissan*,
16  2011 WL 3879482, at *3 (N.D. Cal. Sept. 2, 2011) (applying California law and
17  finding mutual promises to arbitrate constituted sufficient consideration).

18      Accordingly, under the general principles governing contract law in California,
19  Plaintiff and Redfin entered into binding agreements to arbitrate.

20      **D.    Plaintiff's Claims Fall Within the Scope of the Agreements**

21      The EAACA and AAICAA cover all of Plaintiff's claims in this case.  Both
22  Agreements make clear that they cover "any and all claims" between Plaintiff and
23  Redfin "arising out of or related to the relationship between the parties . . . ."
24  (EAACA ¶ 18(a) at 7; AAICAA ¶ 8 at 4.)  While Plaintiff's claims are encapsulated
25  by the aforementioned language in both Agreements, they are also covered by their
26  express terms.

27      For example, the EAACA provides that Plaintiff agreed to arbitrate any and all
28  claims arising out of his "employment" and/or "compensation."  (EAACA ¶ 18(a).)

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION                                    11.                    Case No. 3:20-cv-02264-AJB-AGS

1    This putative class action alleging numerous wage-and-hour violations by Redfin is
2    wholly dependent on Plaintiff's employment relationship with his company and
3    directly cover his compensation, or wages.  Likewise, under the AAICAA Plaintiff
4    agreed that he "will perform Services under this Agreement at all times as an
5    independent contractor . . . ."  (AAICAA ¶ 6(a) at 3.)  He agreed to submit to binding
6    arbitration any all claims related to "this Agreement," which expressly contains his
7    agreement to provides services "as an independent contractor."  (*Id.*, ¶ 6(a) at 3; ¶ 8 at
8    4.)  Whether Plaintiff's alleged misclassification as an independent contractor arises
9    out of the "the relationship between the parties" or the express provision in Section
10   6(a) of the Agreement entitled "Independent Contractor Status," his claims in this
11   action fall within the scope of the AAICAA.  Thus, Plaintiff's California Labor Code
12   and Business and Professions Code claims – whether based on his employment role as
13   an "Agent" or that he was misclassified as an "Associate Agent"– incontrovertibly fall
14   within the scope of the Agreement.

15           Under the FAA, any doubts as to the arbitrability of Plaintiff's claims in this
16   action must be resolved in favor of arbitration.  *Mitsubishi Motors Corp. v. Soler*
17   *Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[D]oubts concerning the scope
18   of arbitrable issues should be resolved in favor of arbitration."); *Simula, Inc. v.*
19   *Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999) (arbitration agreements "are to be
20   rigorously enforced" and "liberally construed") *Ramirez-Baker v. Beazer Homes, Inc.*,
21   636 F.Supp.2d 1008, 1015 (E.D. Cal. 2008) ("The standard for demonstrating
22   arbitrability is not a high one; in fact, a district court has little discretion to deny an
23   arbitration motion.").  Here, there is *no doubt* Plaintiff's claims are covered by both
24   the EAACA and AAICAA's express terms and must be compelled to arbitration.

25           **E.      Validity Of The Agreements Must Be Decided By The Arbitrator**

26           The FAA requires that an agreement in an arbitration agreement to "delegate"
27   to the arbitrator authority to resolve disputes as to arbitrability be given just as much
28   force as the arbitration agreement as a whole.  *Rent-A-Center, West, Inc. v. Jackson*,

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL                    12.                    Case No. 3:20-cv-02264-AJB-AGS
ARBITRATION

561 U.S. 63, 68–70 (2010).  Here, both the EAACA and the AAICAA clearly delegate authority to decide validity to the arbitrator:

> The arbitrator will have the sole and exclusive authority to determine the arbitrator's jurisdiction and the application of this Agreement to any dispute between the parties. The arbitrator will have the sole and exclusive authority to determine the enforceability of this Agreement and any provisions contained herein. The arbitrator will have the sole and exclusive authority to determine questions of procedural and/or substantive unconscionability.

(EAACA ¶ 18(a) at 7.)

> The arbitrator shall have the sole and exclusive authority to determine the arbitrator's jurisdiction and the application of this Agreement to any dispute between the parties. The arbitrator shall have the sole and exclusive authority to determine the enforceability of this Agreement and any provisions contained herein. The arbitrator shall have the sole and exclusive authority to determine questions of procedural and/or substantive uncons[c]ionability.

(AAICAA ¶ 8 at 4.)  Because the parties specifically agreed that an arbitrator would resolve those questions under both Agreements, the Court lacks the authority to do so.

**F.     No Basis Exists to Invalidate the Arbitration Agreements**

As stated above, the enforceability of the EAACA and/or the AAICAA cannot be resolved by the Court. The question of the enforceability of the Agreements is left solely to the arbitrator to decide as the terms contain an express, clear and unmistakable delegation clause.  However, even if the Court determines that the delegation clauses are unenforceable, no grounds exist to invalidate either Agreement. Under the FAA, an arbitration agreement can be invalidated only by establishing grounds for its revocation under contract law that are not unique to arbitration.  9 U.S.C. § 2; Cal. Code Civ. Proc. § 1281.  Although parties frequently challenge

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION        13.        Case No. 3:20-cv-02264-AJB-AGS

1  arbitration agreements on unconscionability grounds, both he EAACA and AAICAA

2  afford no opportunity for such argument.  Under the FAA, both Agreements must be

3  enforced according to their terms.

4          Under California law, "unconscionability consists of both procedural and

5  substantive elements."  *Malone v. Superior Court*, 226 Cal. App. 4th 1551, 1561

6  (2014).  "Both procedural unconscionability and substantive unconscionability must

7  be shown" to establish unconscionability.  *Id*.  Procedural unconscionability focuses

8  on "oppression" or "surprise" due to unequal bargaining power.  *Id*.  Substantive

9  unconscionability concerns "overly harsh" or "one-sided" terms.  *Id*.  The EAACA

10 and AAICAA are neither procedurally nor substantively unconscionable.

11         **1.      The Agreements Are Not Procedurally Unconscionable**

12         The EAACA and AAICAA are contracts of adhesion, which were presented to

13 Plaintiff on a take-it-or-leave-it basis.  But that does not make them procedurally

14 unconscionable.  In today's world, far more adhesive contracts are entered into than

15 negotiated contracts.  Business as we know it would be radically altered if the mere

16 fact that a contract was adhesive made it unconscionable, so something more must be

17 required.  *See Concepcion*, 563 U.S. at 346–47 ("[T]he times in which consumer

18 contracts were anything other than adhesive are long past.").

19         A contract of adhesion may be unconscionable if it is coupled with unfair

20 oppression or surprise.  However, the "adhesive aspect" of an employment contract

21 containing an arbitration "agreement is not dispositive."  *Serpa v. Cal. Surety*

22 *Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013) (giving little weight to

23 adhesiveness of arbitration agreement without evidence of oppression or surprise); *See*

24 *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1470–71 (2013) (providing that

25 when "there is no other indication of oppression or surprise, the degree of procedural

26 unconscionability of an adhesion agreement is low").  Plaintiff must do far more than

27 rely on mere adhesion to establish more than a "low degree" of procedural

28 unconscionability.  *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244 (2016); *see*

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION                    14.            Case No. 3:20-cv-02264-AJB-AGS

1  *also Poublon v. C.H. Robinson Company*, 846 F.3d 1251, 1262 (9th Cir. 2017)

2  ("[T]he adhesive nature of a contract, without more, would give rise to a low degree

3  of procedural unconscionability at most").  No oppression or unfair surprise exists.

4      Here, both arbitration agreements were communicated to Plaintiff with clarity.

5  The EAACA contains an arbitration clause in bolded, italicized text that reads,

6  "***Mutual Agreement to Arbitrate***."  (EAACA ¶ 18 at 7.)  Likewise, the arbitration

7  provisions in the AAICAA are prefaced by bolded, underlined text that says

8  "**Arbitration and Class Action Waiver**."  (AAICAA ¶ 8 at 4.)  Following the

9  headings in both Agreements, a capitalized paragraph explains that "SUBJECT TO

10  THE ABOVE, THE PARTIES HEREBY WAIVE ANY RIGHTS THEY MAY

11  HAVE TO TRIAL BY JURY IN REGARD TO ARBITRABLE CLAIMS. THE

12  PARTIES FURTHER WAIVE ANY RIGHTS THEY MAY HAVE TO PURSUE OR

13  PARTICIPATE IN A CLASS OR COLLECTIVE ACTION PERTAINING TO ANY

14  CLAIMS BETWEEN THEM[.]"  (EAACA ¶ 18(a) at 7; AAICAA ¶ 8 at 4.)  The

15  EAACA merely adds the phrase, "EXCEPT AS PROVIDED ABOVE" to the

16  aforementioned, capitalized text.  (EAACA ¶ 18(a) at 7.)  The arbitration clauses in

17  Plaintiff's EAACA and AAICAA are "clear and unmistakable, and [are] not hidden in

18  fine print in a prolix form."  *Malone*, 226 Cal. App. 4th at 1570–71.

19          **2.    The Agreements Are Not Substantively Unconscionable**

20      An arbitration clause is substantively unconscionable only if "it involves

21  contract terms that are so one-sided as to 'shock the conscience,' or that impose harsh

22  or oppressive terms."  *Brown v. Wells Fargo Bank*, 168 Cal. App. 4th 938, 956

23  (2008).  There are no "one-sided" arbitration provisions in the EAACA or AAICAA at

24  all, much less terms that "shock the conscience."

25      In the specific context of arbitration agreements, courts have held that a sign of

26  substantive unconscionability is an "arbitration agreement's lack of a 'modicum of

27  bilaterality.'"  *See Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1133–34

28  (2013).  Here, however, the Agreements easily satisfy that threshold of bilaterality.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION                           15.                Case No. 3:20-cv-02264-AJB-AGS

1   The EAACA provides that "I [Plaintiff] and Company mutually agree to submit to
2   mandatory binding arbitration . . . ." (EAACA ¶ 18(a) at 7.)  Similar, the AAICAA
3   provides that both "[Plaintiff] and Redfin agree to submit to mandatory binding
4   arbitration." (AAICAA ¶ 8 at 4.)  Both the EAACA and AAICAA provide that both
5   parties "have the right to conduct adequate civil discovery, bring dispositive motions,
6   and present witnesses and evidence . . . ." (EAACA ¶ 18(d) at 8; AAICAA ¶ 8 at 4-
7   5.)  The "arbitrator may award any party any remedy to which that party is entitled
8   under applicable law." (EAACA ¶ 18(e) at 8; AAICAA ¶ 8 at 5.)

9        Further, the arbitration agreements impose no undue hardship on real estate
10   agents like Plaintiff.   Under the EAACA and AAICAA, arbitration shall be
11   "conducted through JAMS before a single neutral arbitrator" with no geographical
12   limitations on where the location of the arbitration will be held. (EAACA ¶ 18(b) at
13   7; AAICAA ¶ 8 at 4.)  Nor do they shorten the statute of limitations for any claims.
14   (*See Id.*)  Finally, the Agreements require Redfin to pay all costs unique to arbitration
15   in accordance with California law. (*Id.*)

16        **3.    The Agreements Are Enforceable Under *Armendariz***

17        Before the U.S. Supreme Court's holding in *AT&T Mobility LLC v.*
18   *Concepcion*, the California Supreme Court—in *Armendariz v. Found. Health*
19   *Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000)—developed several factors in
20   considering whether an agreement to arbitrate unwaivable employment claims was
21   unconscionable.    Some courts have concluded that the *Armendariz* decision is
22   "preempted by the FAA under the Supreme Court's reasoning in *Concepcion*." *Ruhe*
23   *v. Masimo Corp.*, 2011 WL 4442790, at *2 (C.D. Cal. Sept. 16, 2011); *Lucas v. Hertz*
24   *Corp.*, 875 F.Supp.2d 991, 1006–09, n.14 (N.D. Cal. 2012) (finding pre-*Concepcion*
25   reasoning regarding substantive unconscionability no longer valid in the "post-
26   *Concepcion* landscape"); *Baeza v. Superior Court*, 201 Cal. App. 4th 1214, 1230
27   (2011) (noting *Armendariz* was "abrogated in part" by *Concepcion*)

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL          16.          Case No. 3:20-cv-02264-AJB-AGS
ARBITRATION

There are good reasons to find that *Armendariz* is no longer good law. *Concepcion* held that the FAA prevents "a doctrine normally thought to be generally applicable, such as . . . unconscionability[, to be] applied in a fashion that disfavors arbitration." *Concepcion*, 563 U.S. at 341. That is exactly what the *Armendariz* analysis does. Under general contract principles, a contract is only substantively unconscionable if it "shock[s] the conscience." *Malone*, 226 Cal. App. 4th at 1561. However, *Armendariz* designates as unconscionable arbitration agreements that provide for equal splitting of arbitration costs between the parties and mutually-agreed limitations to discovery. *Armendariz*, 24 Cal. 4th at 102. Such terms do not "shock the conscience." Thus, courts evaluating arbitration agreements have started to abandon the *Armendariz* factors and return to the traditional unconscionability analysis. *Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398, 402–09 (2014) (applying traditional unconscionability analysis to a motion to compel arbitration of plaintiff's employment claims).

Even if this Court applies *Armendariz*, however, both the EAACA and AAICAA satisfy all five *Armendariz* factors: the Agreements (1) provide for a neutral arbitrator; (2) allow Plaintiff to recover any remedies he could otherwise recover in court; (3) permit more than minimal discovery; (4) require a written decision from the arbitrator; and (5) do not impose any costs on Plaintiff unique to arbitration. *Armendariz*, 24 Cal. 4th at 102.

First, the Agreements provide for a neutral arbitrator. (EAACA ¶ 18(b) at 7; AAICAA ¶ at ¶ 8 at 4.) Both EAACA and AAICAA specifically state that arbitration is to "be conducted through JAMS before a single neutral arbitrator." (*Id.*) Courts have recognized that JAMS provides neutral arbitrators. *See Smith v. Sara Lee Fresh, Inc.*, 2007 WL 4356725, at *6 (E.D. Cal. Dec. 11, 2007) ("[B]oth arbitration forums designated in Article 9—the AAA and the JAMS—are respected alternative dispute organizations judicially-noted for providing neutral and fair environments.").

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL ARBITRATION                    17.                    Case No. 3:20-cv-02264-AJB-AGS

1    Second, both Agreements allow for "more than minimal discovery."
2    *Armendariz*, 24 Cal. 4th at 102.  The EAACA provides that the arbitration is to be
3    administered pursuant to JAMS' "employment arbitration rules & procedures (the
4    'JAMS Rules')."  (EAACA 18(b) ¶ at 7.)  Under the AAICAA, "the parties will
5    attempt to agree on the procedural rules to be used to govern the arbitration
6    proceeding, subject to approval by the arbitrator."  (AAICAA ¶ 8 at 4.)  However, if
7    there is no agreement, then "the state rules of civil procedure applicable in the state in
8    which the arbitration is held shall apply."  (*Id.*)  Regardless, both Agreements provide
9    that in all cases, the parties "have the right to conduct adequate civil discovery, bring
10   dispositive motions, and present witnesses and evidence as needed to present their
11   cases and defenses, and any disputes in this regard shall be resolved by the arbitrator."
12   (EAACA ¶ 18(d) at 8; AAICAA ¶ 8 at 4-5.)  That is far and above the "minimal
13   discovery" that *Armendariz* requires, as courts have recognized.  *See Dotson v.*
14   *Amgen, Inc.*, 181 Cal. App. 4th 975, 984 (2010) (finding a rule that limited initial
15   discovery to one deposition per party but allowed for expansion at the arbitrator's
16   discretion provided adequate discovery under *Armendariz*); *Pope v. Sonatype, Inc.*,
17   2015 WL 2174033, at *4–5 (N.D. Cal. May 8, 2015) (holding similar "JAMS
18   discovery limits are 'more than minimal' and sufficient to meet *Armendariz*"); *Saline*
19   *v. Northrop Grumman Corp.*, 2009 WL 10674037, at *6 (C.D. Cal. Feb. 9, 2009)
20   (finding that "JAMS' rules provide adequate discovery for employees seeking to
21   vindicate their statutory rights").

22   Third, the Agreement requires a written award from the arbitrator: "The
23   arbitrator will issue a decision or award in writing, stating the essential findings of fact
24   and conclusions of law."  (EAACA ¶ 18(e) at 8; AAICAA ¶ 8 at 5); *see Armendariz*,
25   24 Cal. 4th at 102.

26   Fourth, the Agreements permit Plaintiff to obtain all relief available in court and
27   does not prohibit him from recovering any type of damages or attorney's fees.
28   (EAACA ¶ 18(e) at 8; AAICAA ¶ 8 at 5.) The Agreement provides that "[t]he

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION

18.

Case No. 3:20-cv-02264-AJB-AGS

1  arbitrator may award any party any remedy to which that party is entitled under
2  applicable law" with the exception that such remedies are limited to those that would
3  be available to a party in his or its individual capacity in a court of law. (*Id.*)

4    Fifth, the Agreements do not require Plaintiff to pay any costs of arbitration that
5  he would not otherwise pay if the action were litigated in court. *Armendariz*, 24 Cal.
6  4th at 102. The EAACA provides that "in all cases where required by law, Company
7  will pay the arbitrator's and arbitration fees." (EAACA ¶ 18(c) at 7.) Likewise, the
8  AAICAA provides: "in all cases where required by law, Redfin will pay the
9  Arbitrator's and arbitration fees . . . ." (AAICAA ¶ 8 at 4.)

10   Both the EAACA and AAICAA meet *Armendariz*'s requirements and are valid
11 and enforceable.

12   **G.    The Agreements' Class Action Waivers Are Enforceable**

13   In addition to requiring that Plaintiff arbitrate his claims, both the EAACA and
14 AAICAA expressly require him to arbitrate his claims on an individual basis—not on
15 a class-wide basis. (EAACA ¶ 18(A) at 7; AAICAA ¶ 8 at 4.) The U.S. Supreme
16 Court in *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1632 (2018) conclusively
17 determined that class action waivers are enforceable in the employment context. Even
18 prior to that, in *Concepcion*, the United States Supreme Court held that state-law rules
19 prohibiting the use of such class action waivers in arbitration agreements were
20 preempted by the FAA. *Concepcion*, 563 U.S. at 351–52. The Court in *Concepcion*
21 reasoned that because "[t]he overarching purpose of the FAA . . . is to ensure the
22 enforcement of arbitration agreements according to their terms . . . , [r]equiring the
23 availability of classwide arbitration interferes with fundamental attributes of
24 arbitration and thus creates a scheme inconsistent with the FAA." *Id.* at 344.

25   The California Supreme Court in *Iskanian v. CLS Transportation*, 59 Cal. 4th
26 348 (2014), adopted *Concepcion*'s reasoning and held that class action waivers in
27 arbitration agreements were enforceable, even with respect to employment-related
28 claims under the California Labor Code. *Id.* at 364 ("Under the logic of *Concepcion*,

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL     19.     Case No. 3:20-cv-02264-AJB-AGS
ARBITRATION

the FAA preempts *Gentry*'s rule against employment class waivers."). *Iskanian* explained that public policy grounds cannot be used to strike down an arbitration agreement's class action waiver: "*Concepcion* holds that even if a class waiver is exculpatory in a particular case, [a rule prohibiting it] is preempted by the FAA." (*Id.*)

Accordingly, neither the EAACA nor AAICAA provide any grounds for Plaintiff to avoid enforcement of the class action waivers. It is well settled that he must arbitrate his class claims on an individual basis.

### H.   The PAGA Cause Of Action Should Be Stayed

Plaintiff's Eleventh Cause of Action for civil penalties pursuant to the California Attorneys General Act of 2004 should be stayed.

The EAACA provides that "no class or collective actions can be asserted in arbitration or otherwise, except for claims under the California Private Attorneys General Act ("PAGA"), which may be brought in any forum permitted by law." (EAACA ¶ 18(a).) The AAICAA states, "Unless prohibited by state or local law, Associate Agent hereby waives his, her, or its right to bring an action under any private attorney general act on behalf of persons other than Associate Agent." (AAICAA ¶ 8 at 4.) Under the current state of California law, the Court cannot compel Plaintiff's PAGA claim to arbitration. *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014) (holding waivers of representative PAGA claims are unenforceable); *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015) (confirming the FAA does not conflict with, or preempt, *Iskanian*'s holding).

Because Plaintiff cannot be compelled to arbitrate his representative PAGA claim, the Court should stay the representative claim during the pendency of arbitration. *See Aviles v. Quik Pick Express, LLC*, 703 F. App'x 631, 632 (9th Cir. 2017) (staying PAGA claim pending the outcome of the arbitration); *Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 947 (N.D. Cal. 2015) (same). Plaintiff's individual Labor Code, UCL, and PAGA claims "both arise out of the same nucleus

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL   20.   Case No. 3:20-cv-02264-AJB-AGS
ARBITRATION

1  of facts, namely, [Redfin's] alleged violations of California labor law.   Moving

2  forward with arbitration on the individual claims while the representative PAGA

3  claim is stayed would not damage Plaintiff's PAGA claim.   Rather, it is likely that the

4  disposition of arbitration will assist in defining the scope of the PAGA claims moving

5  forward."   *Alvarez v. AutoZone, Inc.*, 2015 WL 13427751 at *2 (C.D. Cal July 8,

6  2015) (citation omitted).   If the arbitrator determines Redfin's liability for Plaintiff's

7  non-PAGA claims, "then he can pursue his PAGA claim[] in the district court," if

8  necessary.  *Aviles*, 703 App'x at 632.

9  **IV.   CONCLUSION**

10        Redfin respectfully requests that this Court compel Plaintiff's First through Ten

11  Causes of Action to arbitration under both his Employee Assignment, Arbitration and

12  Confidentiality Agreement ("EAACA") and Associate Agent Independent Contractor

13  and Arbitration Agreement ("AAICAA") with Redfin and stay the proceedings as to

14  the Eleventh Cause of Action under PAGA pending completion of arbitration.

15  Dated:  December 2, 2020

16

17                                        RONALD D. ARENA
                                          MICHAEL B. MOORE
18                                        ARENA HOFFMAN LLP
                                          Attorneys for Defendant
19                                        REDFIN CORPORATION

20

21

22

23

24

25

26

27

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

REDFIN'S MPA ISO MOTION TO COMPEL
ARBITRATION                                    21.                    Case No. 3:20-cv-02264-AJB-AGS